WILLIAM G. SAUNDERS v. THE CITY OF GRAND RAPIDS.

*Grand Rapids—City physicians—Vacancies.*

The city physicians of Grand Rapids are appointed and not elective officers, and are not authorized by the charter to hold over where their successors are not chosen within a fixed time after their terms expire and a vacancy occurs in the office.

The city council of Grand Rapids is not precluded by the charter from filling an office held by their appointment where there is no one holding it for a regular term.

Error to Superior Court of Grand Rapids. Submitted June 24. Decided June 29.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Harvey Joslin* for plaintiff in error. Vacancies should not occur on account of the omission of an appointing power to appoint to office within the time limited by law: Dill. Mun. Corp. 195; *Dow v. Bullock* 13 Gray 136;

*McCall v. Byram Mnfg. Co.* 6 Conn. 428; *People v. Fairbury* 51 Ill. 149; *Overseers v. Sears* 22 Pick. 130; *School District v. Atherton* 12 Met. 105; the provision in a city charter that the council *shall* appoint within a limited time is mandatory: *People v. Woodruff* 32 N. Y. 361; *People v. Van Horne* 18 Wend. 518; *Tappan v. Gray* 9 Paige 507; *Pell v. Ulmar* 21 Barb. 500.

*Stuart & Sweet* for defendant in error.

CAMPBELL, J. Plaintiff was appointed city physician of Grand Rapids in May, 1873. On the 1st of June, 1874, another person was appointed by the council for the ensuing year and entered on the duties and received the salary. Plaintiff, who claims he was ready and offered to perform his duties, sues for his salary for the second year on the ground that the appointment of his successor was void because not made within twenty days after the first Monday of May as required by § 4 of title 2 of the charter. 2 Sess. L. 1871, p. 335.

The charter of Grand Rapids distinguishes very carefully between *elective* officers, who are voted for by the people, and *appointed* officers, who are chosen by ballot by the council. It provides that appointed officers "shall hold their offices for a period of one year from the time of their appointment, unless sooner removed," etc.

By section 23 it is declared that whenever a vacancy occurs in any office the council may fill it; but if elective it shall continue only until the first Monday of the next May, and a new election shall be held at the annual election.

By section 33 an officer "*elected*" shall hold over after his term until his successor is elected or appointed and qualified. There is no such clause concerning appointed officers.

We think it clear that the council can never be precluded from filling an appointed office, when there is no one holding it for a regular term, and that a failure to appoint at the proper time does not give the incumbent any right to hold

over for a full year, or after his successor has been appointed and qualified. There may be some reason for limiting appointments by the council to offices elective by the people, and yet even in these there seems to be very full power to fill vacancies. It would be anomalous to give the council less power over offices which depend on their own choice than over those which depend on popular votes. And we do not think the charter has left any such consequences to be suffered.

The judgment must be affirmed with costs.

The other Justices concurred.